VICTOR E. LEMBECK, PLAINTIFF, v. MARY E. HARMS ET AL., DEFENDANTS.

Argued June 8, 1922—Decided September 30, 1922.

1. The clause in a will: "to his child or children, if any, now living, to them, their heirs and assigns forever," may include illegitimate children.
2. This is so when such intention is manifest upon the face of the will or there is a necessary implication, *i. e.,* a highly probable inference of an intention by the testator, to so include illegitimates.
3. In this case, under the evidence, the question of the testator's intention to so include illegitimates, *i. e.,* a grandchild, is a question of fact for the jury, under proper instruction from the trial court.
4. The verdict of a jury, on a rule to show cause, will not be set aside, as against the weight of evidence, merely because it might be permissible for the jury to find a different verdict under the evidence, or because the court, if sitting as a jury, could find a different verdict.

On rule to show cause.

Before Justices BLACK and KATZENBACH.

For the plaintiff, *Alexander Simpson*.

For the defendants, *D. Eugene Blankenhorn* and *Albert C. Wall*.

The opinion of the court was delivered by

BLACK, J.    The fundamental question involved in this litigation is to ascertain the intention of Henry Lembeck, deceased, from his last will and testament dated June 6th, 1904.    The words of the will from which the controversy arose are in the tenth clause.    In that clause, a devise of real estate, five lots and the buildings, also a legacy of $5,000 are bequeathed in trust to his son, Victor H. Lembeck, for life and at his death "to his child or children, if any, now living, to them, their heirs and assigns forever."    The testator, Henry Lembeck, died July 26th, 1904.    The will was dated June 6th, 1904, the son, Victor, died March 4th, 1919.    The plaintiff, who is an illegitimate son and only child of the testator's deceased son, brought these two suits to recover the bequests, one in ejectment to obtain possession of the real estate and one to recover the legacy.    The jury returned verdicts in both cases in favor of the plaintiff.    The concrete and meritorious question therefore involved is, do these words include the plaintiff?    Does the plaintiff, as the illegitimate son and only child of his father, Victor, inherit these trust funds under the above clause of the will?    If so, is the question one of law to be decided by the court or is it a question of fact to be decided by a jury under appropriate instructions from the trial court?    The trial court declined to take the case from the jury but submitted the issues involved to the jury as questions of fact, thus: "If any element of the plaintiff's case is not made out by the greater weight of the evidence, his case fails.    If they are all made out, and only if they are made out, by the greater weight of the evi-

dence he is entitled to a verdict." While it is not conceded, there is no substantial controversy over the fact, the plaintiff is an illegitimate son and only child of the testator's deceased son, Victor H. Lembeck. The plaintiff was born June 8th, 1895. His mother was Mary Coughlin, sometimes called Josephine. As stated, the jury returned verdicts in favor of the plaintiff in each of the suits. At the trial, a motion was made by the defendants for the direction of a verdict on the ground that the intention of the testator, Henry Lembeck, to include illegitimate children in the phrase "child or children" is not manifest by necessary implication. This motion was denied by the trial court. After the verdicts, rules to show cause were allowed. It is now urged and argued, the motion to direct a verdict in favor of the defendants should have been granted by the trial court, as legal questions only are involved, and the verdicts returned by the jury are against the clear weight of the evidence. A significant fact, however, in this connection, in the will of Henry Lembeck, is disclosed in the eighteenth clause, by which a devise is made to the executors in trust for his son, Victor H. Lembeck, "one share," to pay at their discretion the income thereof to him during the term of his natural life, and after his death "to his brothers and sisters, also brothers and sister of the half blood, in equal part, the issue of any one of them who may die leaving issue them surviving to take the parents' share *per stirpes.*" In this connection also the testimony of Mary Coughlin, sometimes called Josephine, the mother of the plaintiff, is significant. She testified that in 1896 or 1897 she told the testator, Henry Lembeck, she had borne a son by his son, Victor. "I told him that I had a son of his son; I had a child by his son, Victor, and I wanted to know what he was going to do about providing for us. He said he didn't know anything about it, that he would see Victor in a day or so." It is also significant that at the time of making the will, and death of Henry Lembeck, the son, Victor, had no other children and was not married; the testator knew these facts. But there is some evidence by which it may be inferred by a jury, if

believed, that the testator knew before the date of his will that one Rose Gilbert claimed to be married to his son, Victor H. Lembeck. There is a well-recognized line of cases which hold, the words "child" or "children" in a will and nothing more mean legitimate child or children. In our reports the cases of *Heater* v. *Van Auken,* 14 *N. J. Eq.* 159, and *Tuttle* v. *Woolworth,* 74 *Id.* 310, are conspicuous illustrations. Those cases, however, as well as cases in other jurisdictions, concede the words child or children in a will do include illegitimates when it is manifest upon the face of the will or there is a necessary implication, *i. e.,* highly probable inference to the effect that the testator intended to include illegitimates. 40 *Cyc.* 1451; 28 *R. C. L.* 251, ¶ 222; *Siegley* v. *Simpson,* 47 *L. R. A.* (*N. S.*) 534, *note* B; *Hill* v. *Crook, L. R.,* 6 *H. L.* (*Eng. & Irish App.*) 265; 42 *L. J.* (*N. S.*) 702. Quite apart from the fact that the verdicts in these cases are the result of a second trial, the verdicts on the first trial in favor of the plaintiff having been set aside by the Supreme Court, we have reached the conclusion that the rules to show cause should be discharged because on what the trial court called the three important questions there is not only evidence to support the findings of the jury but the verdicts are not against the weight of the evidence—*first,* as to the paternity of the plaintiff; *second,* that the testator, Henry Lembeck, knew before the execution of the will by him of the existence of the grandson, the plaintiff; *third,* the necessary implication, *i. e.,* the highly probable inference of an intention of the testator to include illegitimates within the meaning of his will. True, it might be permissible for the jury to find a different verdict under the evidence, or it might be the court, if sitting as a jury, from the evidence could find a different verdict, but such considerations are not the tests. *Boesch* v. *Kick,* 116 *Atl. Rep.* 796. This is not a case where the facts are barren of inference, or where one inference is equally strong with another. If the testator did not mean to include the plaintiff he did not mean anyone and made a useless bequest. *Hill* v. *Crook, supra.* The trouble with the defendants' argument is, it is based upon inferences of fact to be drawn from the

evidence. It was the function of the jury to make such inference. It is not the function of the court on a review of the verdicts when there is evidence to support the verdicts. The attitude of the court on a second concurring verdict on the weight of the evidence is illustrated by the cases of *Brown* v. *Paterson, &c., Paper Co.,* 69 *N. J. L.* 474; *Fulton* v. *Grieb Rubber Co.,* 72 *Id.* 35.

The rules to show cause are discharged in each case, with costs.